**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4855**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

THOMAS EDWARD NORMAN,

            Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Spartanburg.  Henry F. Floyd, District Judge. (7:07-cr-01467-HFF-36)

Submitted:  September 30, 2010        Decided:  October 21, 2010

Before KING, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Rodney W. Richey, RICHEY AND RICHEY, Greenville, South Carolina, for Appellant.  William N. Nettles, United States Attorney, William J. Watkins, Jr., Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Thomas Edward Norman pled guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine and fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (2006). He received a within-Guidelines sentence of 84 months' imprisonment. On appeal, his attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether Norman's sentence is reasonable. Norman filed a pro se supplemental brief. Pursuant to our review of the case under Anders, we directed counsel for Norman to file a merits brief, advising counsel that specific attention should be paid to the issue of whether the district court's brief reasoning for choosing the imposed sentence rendered Norman's sentence procedurally unreasonable. Norman's attorney subsequently filed a merits brief arguing that the sentencing court failed to make an individualized assessment and to sufficiently explain its reasoning for the chosen sentence in light of the 18 U.S.C. § 3553(a) (2006) factors. The Government filed a response, arguing that the error, if any, was harmless. We affirm.

We review a sentence imposed by the district court for reasonableness under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this

2

review requires the court to ensure that the district court committed no significant procedural error, such as improperly calculating the Guidelines range, failing to consider the § 3553(a) factors, or failing to adequately explain the chosen sentence. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). We then consider the substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances. Gall, 552 U.S. at 51. On appeal, we presume that a sentence within a properly calculated guideline range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

Norman argues that his sentence is procedurally unreasonable because the district court did not mention any of the § 3553(a) factors or explain the sentence it imposed with an individualized assessment of how the factors applied in his case. Norman preserved the issue by arguing in the district court for a sentence below the advisory Guidelines range. See United States v. Lynn, 592 F.3d 572, 577-78 (4th Cir. 2010). "[I]f a party repeats on appeal a claim of procedural sentencing error . . . which it has made before the district court, we review for abuse of discretion" and will reverse unless we can conclude "that the error was harmless." Id. at 576.

The district court is not required to "robotically tick through § 3553(a)'s every subsection." United States v.

_Johnson_, 445 F.3d 339, 345 (4th Cir. 2006). However, the district court must "place on the record an individualized assessment based on the particular facts of the case before it. This individualized assessment need not be elaborate or lengthy, but it must provide a rationale tailored to the particular case at hand and adequate to permit meaningful appellate review." _Carter_, 564 F.3d at 330 (internal quotation marks, footnote, and citation omitted). This is true even when the district court sentences a defendant within the applicable Guidelines range. _Id._ An extensive explanation is not required as long as the appellate court is satisfied "'that [the district court] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority.'" _United States v. Engle_, 592 F.3d 495, 500 (4th Cir. 2010) (quoting _Rita v. United States_, 551 U.S. 338, 356 (2007)), _petition for cert. filed_, 78 U.S.L.W. 3764 (U.S. 2010) (No. 09-1512).

The Government contends that, even if the district court failed to adequately explain the sentence it imposed in light of the § 3553(a) factors, any error was harmless because the record establishes that the district court considered Norman's request for a lenient sentence based on his allegedly minor role in the offense. The Government further argues it is unrealistic to conclude that any further explicit analysis by the district court would have resulted in a shorter sentence.

4

Norman asked for a below-Guidelines sentence based on his claim he was a minor participant. The Government responded; the court invited the probation officer's input; and the court participated in the exchange and debate. The court then explicitly stated that it rejected Norman's minor player argument, thereby not warranting a below-Guidelines sentence.

Our review of the record convinces us the Government is correct, and that any error in this case was harmless. See Lynn, 592 F.3d at 582; see also Rita, 551 U.S. at 359 ("Where . . . the record makes clear that the sentencing judge considered the evidence and arguments, we do not believe the law requires the judge to write more extensively."); United States v. Boulware, 604 F.3d 832, 838 (4th Cir. 2010) (procedural error is harmless if it did not have a substantial and injurious effect or influence on the result and this court can say with fair assurance that the district court's explicit consideration of the defendant's arguments would not have affected the sentence imposed). Furthermore, Norman's within-Guidelines sentence is presumptively reasonable on appeal, and Norman has not rebutted that presumption. See United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (stating presumption may be rebutted by showing sentence is unreasonable when measured against the § 3553(a) factors).

5

In accordance with <u>Anders</u>, we have thoroughly reviewed the record for any other meritorious issues and have found none. We reject Norman's claims in his pro se supplemental briefs as non-meritorious. We accordingly affirm Norman's conviction and sentence. This court requires that counsel inform Norman, in writing, of his right to petition the Supreme Court of the United States for further review. If Norman requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy of the motion was served on Norman. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>